**Syed Noman ALI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–71134.**

United States Court of Appeals, Ninth Circuit.

Submitted June 25, 2007 *.

Filed Aug. 9, 2007.

Audra R. Behne, Esq., Law Offices of Audra R. Behne, Reseda, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

544

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H. Molina, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Syed Noman Ali, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeal's (BIA) denial of his motion to reopen removal proceedings so that he could apply for adjustment of status based on an employment-based visa. The BIA determined that the motion was untimely and that equitable tolling did not apply because Ali had not acted with reasonable diligence, and declined to reopen proceedings under its sua sponte authority. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion and claims of due process violations de novo. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Ali's motion to reopen as untimely because it was not filed until more than five years after the BIA issued its final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (generally requiring

that motions to reopen be filed within 90 days of the entry of a final administrative order of removal). The limitations period for filing a motion to reopen may be tolled "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria*, 321 F.3d at 897. Ali did not demonstrate the requisite diligence in pursuing his case after 1996. Even if Ali's counsel was unreachable, Ali should have ascertained the status of his appeal earlier than 2002. He gives no explanation for the almost six years that elapsed between the BIA's decision and his filing of the motion to reopen. Accordingly, the BIA did not abuse its discretion in concluding that the motion to reopen was untimely and that Ali failed to establish due diligence to warrant equitable tolling.

We reject Ali's contention that the BIA violated his due process rights by denying his motion to reopen. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that the petitioner must show error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.